UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| DONALD L. KISSINGER, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | CAUSE NO. 1:09-CV-201 RM |
| v. | ) |  |
|  | ) |  |
| ALLEN COUNTY JAIL, *et al.*, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

OPINION AND ORDER

Donald L. Kissinger, a *pro se* plaintiff, filed a § 1983 complaint and an *in forma pauperis* petition. Because the complaint was vague, he was ordered to file a more definite statement, and he has done so. He has also attached numerous medical records. Mr. Kissinger alleges that he was denied medical treatment for a MRSA staph infection on his right wrist and forearm while he was incarcerated at the Allen County Jail from July 25, 2007 to August 14, 2007.

"In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court

shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. ___, ___; 129 S. Ct. 1937, 1949; 173 L. Ed. 2d 868, 884 (2009) (quotation marks and citations omitted).

> Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief.
>
> In keeping with these principles a court . . . can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. ___, ___; 129 S. Ct. 1937, 1950; 173 L. Ed. 2d 868, 884 (2009) (citations, quotation marks, and brackets omitted).

Based on the medical records that he has submitted, Mr. Kissinger went to the St. Joseph Hospital emergency room on the day of his arrest, July 25, 2007. Four days later, after an altercation with staff at the jail, he returned, and the emergency room physician

examined him, including his arms and legs. The doctor sutured a laceration on his right wrist, but made no mention of an infection. Mr. Kissinger was sent back to the jail the next day on July 30, 2007. He returned to the hospital two days later. This time, the emergency room physician identified "a large burn-looking desquamating[1] area on the right wrist and forearm." Jail medical personnel made seven notations in his medical records during the two days before he returned to the hospital. On August 1, when his dressings were removed, the nurse noted "what appears to be 1st° burns." After examining him further and discovering sores on his feet, she placed him in a wheelchair and sent him to the emergency room. Mr. Kissinger was admitted to the hospital where he stayed until August 14, 2007.

In medical cases, the Eighth Amendment[2] test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. Gutierrez v. Peters, 111 F.3d 1364, 1369 (7th Cir. 1997). Deliberate indifference is "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." Duane v. Lane, 959 F.2d 673, 677 (7th Cir. 1992). This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." McGill v. Duckworth, 944 F.2d 344, 347 (7th Cir. 1991).

---

[1] "To come off in the form of scales; to scale off, exfoliate, 'peel'." Oxford English Dictionary, http://dictionary.oed.com/ (last visited September 22, 2009).

[2] Although the Eighth Amendment's proscription against cruel and unusual punishments applies only to persons convicted of crimes, and although the rights of pretrial detainees are derived from the Fourteenth Amendment's Due Process Clause, "the recognized standard of protection afforded to both convicted prisoners and pretrial detainees under the Eighth and Fourteenth Amendments" is the same. Palmer v. Marion County, 327 F.3d 588, 593 (7th Cir. 2003).

3

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted).

> Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless.

Pierson v. Hartley, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). It isn't enough to show that a defendant merely failed to act reasonably. Gibbs v. Franklin, 49 F.3d 1206, 1208 (7th Cir. 1995). Even medical malpractice and incompetence do not state a claim of deliberate indifference. Walker v. Peters, 233 F.3d 494 (7th Cir. 2000).

Mr. Kissinger did not have symptoms of an infection when the emergency room physician discharged him on July 30, 2007. During the two days he spent at the jail before the infection was discovered, he had regular contact with the medical staff, who promptly sent him to the hospital as soon as what appeared to be first degree burns were discovered. The court accepts that Mr. Kissinger had a serious medical problem that caused severe pain and disfigurement, but that alone isn't sufficient to state a claim. To state a claim, he must allege facts showing that the defendant caused and are liable for his injuries. The facts presented in his medical records don't even permit the court to infer misconduct, much less deliberate indifference. He hasn't alleged facts showing that he is entitled to relief.

4

For the forgoing reasons, this case is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

SO ORDERED.

ENTERED: September  23 , 2009

                                                    /s/ Robert L. Miller, Jr.
                                                    Chief Judge
                                                    United States District Court